**FILED**

May 04, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
                                    DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

BERLYS SANTANA-DIAZ,                §
                                    §
          Petitioner,               §
                                    §
v.                                  §          NO. SA-26-CV-468-OLG
                                    §
TODD BLANCHE *et al.*,[1]           §
                                    §
          Respondents.              §

### O R D E R

Pending before the Court is Petitioner Berlys Santana-Diaz's Petition for a Writ of Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 6), and Petitioner filed a reply (Dkt. No. 7). Petitioner has long been subject to a final order of removal. *See* Dkt. No. 6-1. While he moved to reopen his removal proceedings, the IJ denied that request. *See* Dkt. No. 6-2. It therefore appears that Petitioner is detained under § 1231—not § 1225(b)—and his continued detention is constitutionally authorized unless there is "no significant likelihood of removal in the reasonably foreseeable future." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Yet Petitioner argues that he has been detained pursuant to § 1225(b). *See* Dkt. No. 1. Respondents appear to agree with Petitioner's characterization of his detention. *See* Dkt. No. 6.

**IT IS THEREFORE ORDERED** that the parties shall submit supplemental briefing regarding the basis of Petitioner's detention—that is, whether his detention arises under § 1225(b) or § 1231—by **Monday, May 11, 2026**.

---

[1]Todd Blanche became the Acting Attorney General on April 2, 2026. As a result, he is automatically substituted as a Respondent in this action. *See* FED. R. CIV. P. 25(d).

2

**IT IS SO ORDERED**.

**SIGNED** on May 4, 2026.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

2